W. H. HILL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20573.   Promulgated June 5, 1931.

*Robert P. Smith, Esq.,* and *Wm. R. Brown, Esq.,* for the petitioner.

*John D. Foley, Esq.,* and *John D. Maddox, Esq.,* for the respondent.

## OPINION.

SMITH: 1. The first contention made by the petitioner is that the statute of limitations has operated to bar the assessment and collection of the deficiency found to be due for the fiscal year ended March 31, 1920. The petitioner contends that a return for this fiscal year was executed by the officers of the petitioner and delivered to the revenue agent at his request; that he promised to file the return, and that the execution and lodgment of the return with the revenue agent meets the requirements of the statute. There is no merit in this contention. Under the heading "Time and Place for Filing Returns," section 241 (b) of the Revenue Act of 1918 provides:

Returns shall be made to the collector of the district in which is located the principal place of business or principal office or agency of the corporation, or, if it has no principal place of business or principal office or agency in the United States, then to the collector at Baltimore, Maryland.

It is no part of the duties of an internal revenue agent or of an internal revenue agent in charge to file returns for taxpayers. That is the duty which law places on the shoulders of the taxpayers. The petitioner did not file a return for the fiscal year ended March 31, 1920. Since no return has been filed covering the income of such period, the statute of limitations has not begun to run as to this

fiscal year. *Paso Robles Mercantile Co.*, 12 B. T. A. 750; affd., 33 Fed. (2d) 653; *Lowenstein Brothers Garment Co.*, 13 B. T. A. 446; *American Vineyard Co.*, 15 B. T. A. 452.

2. In its petition the petitioner claims that the Commissioner has failed to include as a part of its invested capital an amount of $1,200,000 representing the cost of developing and placing on the market a patent medicine known as Hills Cascara Bromide Quinine. At the hearing of this proceeding the petitioner was able to show by its books that from October 28, 1895, to March 31, 1913, it had spent $754,151.77 in sample advertising and that the total to December 31, 1914, was $864,517.75. It admits that possibly only a part of this amount should properly go into invested capital, since the profits of the years prior to 1915 were largely predicated upon such advertising, and to the extent that such profits are based upon it the amounts should properly be charged to expense. Petitioner does insist, however, that upon the evidence of record $500,000 of the advertising expenses should be capitalized and added to the invested capital found by the respondent.

In the years in which the amounts were spent for advertising they were charged to expense. To what extent the prosperity of the petitioner's business for the fiscal year ended March 31, 1920, is attributable to the sample advertising is at most a matter of conjecture. The matter of computing invested capital is clearly outlined in the statute. (Sec. 326, Revenue Act of 1918.) We fail to see wherein the amounts spent for advertising and charged to expense in years prior to the taxable year are includable in invested capital under the terms of the statute.

The situation which obtains with respect to this petitioner is substantially the same as that which obtained in *Northwestern Yeast Co.*, 5 B. T. A. 232; *Richmond Hosiery Mills*, 6 B. T. A. 1247; affd., 29 Fed. (2d) 262; certiorari denied, 279 U. S. 844; and *Kress & Owen Co.*, 12 B. T. A. 991. Those decisions are determinative of the present issue.

3. The third contention made by the petitioner is that the fiscal year before the Board covers a 12-month period ended March 31, 1920, and that nine-twelfths of that period is comprehended by the return filed for the calendar year 1919; that therefore a portion of the tax which has been paid for the calendar year 1919 must be credited against the deficiency found to be due for the fiscal year under review.

We fail to see wherein the petitioner has any ground for complaint with respect to the application of credits for taxes paid upon the calendar year returns for 1918 and 1919. As shown by our findings, the amounts paid have been credited by the Commissioner against the petitioner's tax liability for the fiscal year ended March 31,

1919. The petitioner is not entitled to a second credit of any part of those payments. The matter of the application of the credits is generally within the sound discretion of the Commissioner. *Dickerman & Englis, Inc.*, 5 B. T. A. 633. We can not see how he has in any wise incorrectly applied the credit. The contention of the petitioner upon this point is not sustained.

4. The final point made by the petitioner is that improper comparatives have been used by the respondent in the determination of the deficiency for the fiscal year ended March 31, 1920. The petitioner has submitted no evidence upon this question and in brief the petitioner states that it is " at least entitled to a constructive capital in excess of a million dollars," due to large expenditures for advertising and new comparatives should be selected in line with such fact. For reasons stated under the second point, we are of the opinion that there is no merit in the petitioner's contention. The correctness of the net income computed by the respondent is not attacked. Neither is any attack made upon the specific comparatives used. This contention is not sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

TRAMMELL, dissenting: The Board has adopted this opinion on the theory that this case is distinguishable from the *Paso Robles Mercantile Co.* cases on the principle that the amount had already been credited by the Commissioner on the previous fiscal year return, that is, for the year ended in the calendar year. In my opinion, however, this case is not distinguishable in principle from our previous decisions in the above cases. When the Commissioner asserts a deficiency we have the authority to determine whether or not that deficiency is correct. If the correctness of the amount claimed to be due rests upon the method of crediting the amount shown on the defective calendar year return (which above is not considered a return) we should determine whether the Commissioner properly made the credit. It seems to me that the amount of tax shown on the defective calendar year return should be allocated in accordance with the period over which the income came in. In other words, the income and the tax thereon should go together. This was our view in the *Paso Robles* cases. If this view is followed here a different result would be reached. If the credit had not been made, apparently the Board's opinion is that it should be made in accordance with the *Paso Robles* decisions, but if actually made otherwise, the Board now holds that this action will not be considered erroneous. My view is that if the credit was not made as it should have been made, we have the right to say that it was erroneous.

MURDOCK, dissenting: I dissent for the reason that I can not distinguish the present case from the cases of *Paso Robles Mercantile Co.*, 12 B. T. A. 750, and 18 B. T. A. 415, which have not been overruled.

MATTHEWS agrees with this dissent.