Joseph E. Harrod v. Commissioner.
Harrod v. Commissioner
Docket No. 81541.
United States Tax Court
T.C. Memo 1961-300; 1961 Tax Ct. Memo LEXIS 43; 20 T.C.M. (CCH) 1544; T.C.M. (RIA) 61300; October 31, 1961
*43 Petitioner was business agent for a union local. During 1955, 1956, and 1957 he received a salary and reimbursement for alleged expenses. Held, the amounts received by petitioner as reimbursement are includible in gross income and are deductible in arriving at adjusted gross income only to the extent of $4 per day for in-town expenses and $12 per day, plus 6 cents per mile, for days petitioner was out of town on business. Petitioner did not prove greater amounts were "paid or incurred by * * * [him], in connection with the performance by him of services as an employee." Sec. 62(2)(A), Internal Revenue Code of 1954. Held, further, petitioner is liable for the addition to tax under Section 6651, Internal Revenue Code of 1954, for failure to file an income tax return for the taxable year 1955. Michael J. Clare, Esq., Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. S. Earl Heilman, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income taxes and an addition to tax for the years and in the amounts which follow: Addition to Tax
Sec. 6651,
Year
Deficiency
I.R.C. 1954
1955
$ 277.23
$69.31
1956
826.91
1957
3,701.19
*44 By amended answer respondent claims an addition of $539.70 to the deficiency asserted for the taxable year 1955. Certain issues have been abandoned by petitoner. Two issues remain for our consideration: (1) Whether petitioner realized additional income in the taxable years 1955, 1956, and 1957 as the result of reimbursement for alleged expenses, and (2) whether petitioner is liable for the addition to tax under section 6651, Internal Revenue Code of 1954, for failure to file an income tax return for the taxable year 1955. Findings of Fact The parties have orally stipulated that the cash disbursements journal of the Hotel & Restaurant Employees & Bartenders Union, Local 181, contains entries indicating checks drawn to petitioner by amount, date, and general purpose. This oral stipulation and the joint exhibit pertaining thereto are incorporated by this reference. Joseph E. Harrod, hereinafter called petitioner, was a resident of Louisville, Kentucky, during the material years. He filed individual income tax returns with the district director of internal revenue for the district of Kentucky for the years 1956 and 1957. Petitioner was first employed by local 181 in 1950, when he was *45 hired as assistant business agent. He was elected business agent and financial secretary in 1951, which positions he held until April 1958. During the years 1955, 1956, and 1957 petitioner kept the books of account for local 181 and actually ran the union. There were three full-time employees of local 181 during 1956 and 1957. They were petitioner, a recording secretary, and an assistant business agent. Article IV, Section 7, of the bylaws of local 181 provides as follows: Between meetings of the Union the Executive Board shall be the governing body of the Union. It shall have complete governing authority between meetings of the Union as may be exercised under the International Constitution and these bylaws. The board shall, upon recommendation of the Financial Secretary-Business Representative, appoint an office assistant or organizer. The Board shall meet two hours before the regular meeting each month. A majority of the Executive Board members shall constitute a quorum. All salary, expense allowance and compensation paid to officers, employees, committees or delegates to this Union shall be determined by recommendation of the Executive Board and approval at the next regular meeting. *46 All actions of the Executive Board are subject to approval at the next regular meeting. The executive board of local 181 during 1955, 1956, and 1957 consisted of its president (Howard Fitts), petitioner, and five other union members. Fitts was a bartender. His position as president of local 181 was primarily honorary. During 1955, 1956, and 1957 the following were members of the board: Name
Period Served
Joseph E. Harrod
1955, 1956, and 1957
Mrs. Reuben Brown
Sept. 1955 - Aug. 1957
Willie Strong
1956
Roberta Nation
1956 and 1957
Howard Fitts
1955, 1956, and 1957
In 1955, 1956, and 1957 petitioner received from local 181 the amounts of $5,500, $4,575, and $7,475, respectively, as salary. In addition, the cash disbursements journal of local 181 shows that checks were drawn to the order of petitioner in the number, aggregate amount, range of amount, and with noted indications of purpose as follows: Expense
Organ-
Account or
No. of
Range of
izing
No. of
Year
Per Diem
Checks
Amounts
Expense
Checks
1955
$1,137.56
21
$30.00-150
$ 100.00
1
1956
3,258.17
66
25.00-120
885.35
14
1957
5,605.35
53
8.45-150
3,313.05
31
Range of
No. of
Range of
Year
Amounts
Other
Checks
Amounts
1955
$100
$ 178.52
$4
$33.52- 50
1956
25-135
187.00
5
25.00- 50
1957
25-250
2,210.78
22
18.50-300
In *47 certain instances the cash disbursements journal or the checks themselves showed notations, as, for example: "Expense Acct. or Per Diem" ("Exp. to Paducah"; "Exp. to Waterford Downs"); "Organizing Expense" ("Dobbs House," "Seelbach," "Watterson Hotel," "Henry Clay," "Brown Hotel"); and "Other" ("negotiation exp., Int. Harvester"; "Negotiation Exp."; "Exp. to Cin."; "Exp. to Nashville"). The above amounts were received by petitioner in the nature of reimbursement for expenses. Included are amounts characterized as "per diem." The alleged expenses were approved by the executive board and the union members. On some occasions petitioner received approval of expenditures prior to spending the money. In other instances expenditures were approved after the money was spent. Petitioner explained expenditures to the board. Some receipts were presented to the recording secretary. Receipts never were examined by the board members. The board never disapproved any expenditures by petitioner. Amounts approved were recorded in minutes prepared by the recording secretary and read to both the executive board and the union membership. Among checks received by petitioner from local 181 as "expenses" were *48 many in like amounts, for example: Amount of
No. of Checks in Same Amount
Check
1955
1956
1957
$ 25.00
18
40.00
10
24
50.00
4
4
88.45
14
3
105.00
48
Local 181 was placed in trusteeship by the International Union of Hotel & Restaurant Employees & Bartenders on April 18, 1958. Petitioner was removed from office at that time and has neither held office in local 181 nor been permitted to enter the offices thereof since. For the years 1955, 1956, and 1957 respondent computed additional income to petitioner from local 181, relative to reimbursed expenses, as follows: Taxable Year Ended
Dec. 31,
Dec. 31,
Dec. 31,
1955
1956
1957
Reimbursement received for alleged
expenses: Per diem
$1,137.56
$3,258.17
$ 5,605.35
Organizing, negotiating and other expense
278.52
1,072.35
5,523.83
Total reimbursement
$1,416.08
$4,330.52
$11,129.18
Allowable expense: Per work day in town at $4
1,240.00
1,200.00
1,080.00
Per work day out of town at $12
24.00
144.00
541.40
Transportation expense at.06(
31.68
168.79
258.70
Total allowable expense
$1,295.68
$1,512.79
$ 1,880.10
Excess of reimbursement of expense over
$ 120.40
$2,817.73
$ 9,249.08
allowable expense The records of the district director of internal revenue for the district of Kentucky show no record of any return *49 having been filed or any assessments or payments of tax by petitioner for the year 1955. Opinion Petitioner was business agent for a union local. He received reimbursement therefrom of $1,416.08 in 1955, $4,330.52 in 1956, and $11,129.18 in 1957 for alleged expenses. Amounts so received constitute gross income to petitioner. Sec. 61, Internal Revenue Code of 1954. To the extent they "consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer," they are deductible by petitioner in arriving at his adjusted gross income. Sec. 62(2)(A), Internal Revenue Code of 1954. Respondent has determined that, based on a 6-day work week, petitioner incurred deductible expenses in his employer's behalf in the amounts of $4 per day for each day he worked in Louisville and $12 per day for each day he worked out of town, plus transportation expenses of 6 cents per mile for out-of-town trips. Petitioner bears the burden of proving that he is entitled to deductions in excess of the amounts allowed by respondent. At the trial petitioner testified in general and rather *50 vague terms with respect to the expenditures allegedly made by him. Such testimony is not sufficient. Atzingen-Whitehouse Dairy, Inc., 36 T.C. 173. He was able to recall the disposition of only one specific item, $40, which he stated was used to pay pickets. Petitioner argues, however, that he accounted fully to the local for all expenditures; that he has no receipts because all were turned over to the recording secretary; and that his testimony should be accepted because of the demonstrated unavailability of certain records of the local. We have reviewed carefully the statements of petitioner and members of the local's executive board. Petitioner's accounting to the board was in general terms. Receipts were presented for only a limited number of expenditures and the board members did not examine such receipts as were available. Significantly, neither the board nor the union membership at large ever rejected a request by petitioner for an advance or reimbursement. In short, the local reviewed petitioner's alleged expenses in a manner which was cursory at best. We are mindful of the difficult burden which petitioner bears in the absence of records maintained by the local. Two factors, *51 however, work against acceptance of his argument that the unavailability of minutes of union meetings mitigates the inexplicitness of his testimony. First, petitioner actually ran the union. Whatever records were kept were kept by him or under his direction. He was the financial secretary. It has not been demonstrated that petitioner ever really proved expenditures to the executive board. Secondly, the cash disbursements journal and certain checks to which petitioner testified bear notations indicating the purpose or nature of the expenditure. These notations are so general as to be of little aid to the Court. Apparently they were of as little aid to petitioner, as his recollection of specific expenditures appears not to have been aided thereby. Nothing in the record indicates that unavailable documents of the local are more specific. On the contrary, petitioner's accounting to the local apparently was perfunctory in nature. Petitioner produced not one witness to testify to receiving any sums whatever from petitioner for the claimed purposes. Nor did the recording secretary testify. While there is no requirement that petitioner call any witness, he must bear the consequences of failure *52 of proof. We recognize that petitioner incurred some expenditures which are deductible from gross income. There is nothing in the record, however, to persuade us that he is entitled to amounts greater than the $4 per day in-town expenditures and $12 per day plus 6 cents per mile for out-of-town expenditures allowed him by respondent, and we hold that he is entitled to the amounts so computed by respondent. The second issue pertains to the addition to tax imposed by respondent under section 6651, Internal Revenue Code of 1954, for petitioner's alleged failure to file an income tax return for the taxable year 1955. Petitioner claims he and his then wife, Helen Cooke Harrod, filed a joint return for that year. In support of this contention petitioner offered in evidence a Form 1040, completed and signed in pencil and marked "My copy." Petitioner says this "copy" was prepared by Helen Cooke Harrod and that a facsimile thereof was filed with the district director for Kentucky in April 1956. On the other hand, respondent's records show no record of any return having been filed or of any payments of tax, by petitioner, for the year 1955. We are unable to conclude that petitioner filed a return *53 for the year 1955. Petitioner was asked by the Court whether it was his testimony that "another form similar to * * * [the claimed 'copy'] was mailed to the Internal Revenue Service." He answered in the affirmative. There is no showing, however, whether petitioner or his then wife attended to the mailing or filing of the return. Helen was not called by him as a witness. It is also significant that, though the purported copy of the return shows a balance of tax due in the amount of $51.25, petitioner produced no cancelled check or other record to substantiate his uncorroborated testimony that the return was filed. Moreover, later in his testimony he asserted the return had been handed to an unnamed agent who, with other agents, was working with him on settlement of a tax matter. While this contradiction is not decisive, it introduces doubt in petitioner's testimony. It has been held that delivery of a return to an agent does not constitute the "filing" of a return. W. H. Hill Co. v. Commissioner, 64 F. 2d 506 (C.A. 6, 1933) affirming 23 B.T.A. 605, certiorari denied 290 U.S. 691; Ardbern Co., Ltd., 41 B.T.A. 910; O'Bryan Brothers, 42 B.T.A. 18, affd. 127 F. 2d 645-647 (C.A. *54 6, 1942). Petitioner has failed to overcome the presumptive correctness of respondent's finding that no return was filed by him for the taxable year 1955 and, since there is no showing that petitioner's failure to file was for a reasonable cause, the addition to tax under section 6651 is sustained. In computing the deficiency asserted by the statutory notice, respondent gave petitioner credit for $508.20 for withholdings of income taxes and $31.50 for excess FICA (Federal Insurance Contributions Act) taxes withheld. By amended answer respondent alleged affirmatively that such credit should not have been given, and claimed an additional deficiency in the amount of $539.70. Petitioner has introduced employee copies of Forms W-2 for the year 1955. These show withholdings for income taxes in the amount of $508.20 and total FICA withholdings of $115.50. No evidence introduced by respondent overcomes this evidence of withholdings presented by petitioner. It is clear that the employer is liable for taxes which are required to be withheld. Sec. 3403, Internal Revenue Code of 1954. Section 31(a)(1), Internal Revenue Code of 1954, allows a credit to the taxpayer for such withholdings. Thus, *55 petitioner is entitled to a credit for $508.20 in income taxes withheld. In addition, petitioner is entitled to a credit for excess FICA taxes withheld. Section 31(b)(1), Internal Revenue Code of 1954, allows such a credit, providing that the allowable amount is to be determined in accordance with regulations promulgated by the Secretary or his delegate under section 6413(c). Examination of section 31.6413(c)-1, Income Tax Regs., demonstrates that petitioner is entitled to a credit for excess FICA withholdings in the amount of $31.50. Section 6211(a) of the Internal Revenue Code of 1954, however, defines the term "deficiency" as the excess of - (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, * * * Section 6211(b)(1) provides that For purposes of this section - (1) The tax imposed by chapter 1 and the tax shown on the return shall both be determined without regard to payments on account of estimated tax, without regard to the credit under section 31, * * *. It is clear, *56 therefore, since we have found as a fact that no return was filed and accordingly that "the amount shown as the tax by the taxpayer upon his return" is zero, that the deficiency determined herein shall be without regard to the $508.20 withheld on account of estimated taxes for the year 1955 and without regard to the $31.50 in excess F.I.C.A. taxes withheld during 1955. Respondent has indicated credit for said amounts will be given administratively. Whether petitioner is entitled to four dependency exemptions rather than the three allowed by respondent was not raised by the petition and therefore is not before the Court. The deficiencies and additions to tax as determined by respondent for the years 1955, 1956, and 1957, in the amounts set forth in the statutory notice, are sustained. Respondent's claim for an increased deficiency in income tax for the year 1955, in the amount of $539.70, as set forth in his Amendment to Answer, is likewise sustained. Decision will be entered for the respondent in the amounts indicated. * *57 Footnotes
*. Original last two paragraphs of the opinion and the directions for entry of decision were deleted and new paragraphs and a new decision were inserted in lieu thereof by an official order of the Tax Court, dated January 12, 1962 and signed by Judge Bruce.