CHARLES J. ROTHBART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rothbart v. Commissioner
Docket No. 980-80.
United States Tax Court
T.C. Memo 1981-524; 1981 Tax Ct. Memo LEXIS 222; 42 T.C.M. (CCH) 1128; T.C.M. (RIA) 81524; September 21, 1981. *222 Held, petitioner's motion for summary judgment is denied. Carolyn L. Sampson, for the petitioner. Benjamin A. de Luna, for the respondent. WILES
MEMORANDUM *224 OPINION WILES, Judge: This case is before the Court on petitioner's motion for summary judgment filed December 22, 1980, pursuant to Rule 121, [1] and heard on June 1, 1981. Respondent has objected to petitioner's motion. Both parties have introduced affidavits and "other acceptable materials" in support of their positions. Rule 121. Respondent determined deficiencies and additions to tax in petitioner's Federal income taxes for the following years: Addition to Tax
Taxable Year
Deficiency
Sec. 6653(b) [2]
1965
$ 9,856.84
$ 4,928.42
1966
40,226.90
20,113.45
1967
49,988.30
24,994.15
1968
38,755.01
19,377.50
1969
48,435.01
24,217.50
1970
21,975.27
10,987.64
1971
4,443.63
2,221.81
Petitioner disputes respondent's determination for each of such years. Petitioner resided in Northglenn, Colorado, at the time he filed his petition in this case. The issues for decision are: 1. Whether *225 the notice of deficiency is invalid because (i) it was not sent to the last known address of petitioner; (ii) it was not preceded by a 30-day letter; (iii) the equitable defense of laches is applicable. 2. Whether assessment and collection of the deficiencies and additions to tax are barred by the statute of limitations. 3. Whether a statement made in court by a U.S. Attorney, while criminally prosecuting petitioner for alleged tax violations with respect to 1969 and 1971, is binding on the Internal Revenue Service (hereinafter IRS). We conclude that there are genuine issues of material fact with respect to the applicable statute of limitations. Consequently, we deny petitioner's motion for summary judgment. During September 1976, petitioner appeared before the United States District Court, Northern District of Illinois, Eastern Division (hereinafter district court), where he faced criminal prosecution for alleged tax violations with respect to his 1969 and 1971 taxable years. On or about September 23, 1976, the U.S. Attorney in charge of such prosecution informed petitioner that the Internal Revenue Service Center, Ogden, Utah (hereinafter Ogden Service Center), did *226 not have his 1969 and 1971 returns. Petitioner told the U.S. Attorney that he filed his 1969 and 1971 returns with the Ogden Service Center on June 10, 1976. Furthermore, on or about September 23, 1976, petitioner gave his attorney two "duplicate originals" (handwritten in ink by petitioner) of his 1969 and 1971 returns and his attorney submitted them to the U.S. Attorney. Petitioner's attorney advised the U.S. Attorney to give one set of such returns to an Internal Revenue agent who had observed part of the district court proceedings. Petitioner's attorney also submitted a duplicate set of the 1969 and 1971 returns to the district court. Petitioner contends that he did not need to file returns for 1965, 1966, 1967, 1968, and 1970 because the Court should find that his gross income was below $ 600 per year during such years. See sec. 6012(a). In support of petitioner's argument, he maintains that, on or about September 23, 1976, the U.S. Attorney told the district court judge that the criminal prosecution involved only 1969 and 1971 because the IRS could not establish that petitioner had taxable income in excess of $ 600 per year during 1965, 1966, 1967, 1968, and 1970. *227 Nevertheless, respondent determined that with respect to the 1965 through 1971 taxable years, petitioner is liable for deficiencies and additions to tax in the amounts set forth at the outset of this opinion. Consequently, on October 19, 1979, respondent mailed to petitioner a notice of deficiency containing such determinations. Since petitioner was not residing at the address to which the notice of deficiency was mailed, the postal service forwarded the notice of deficiency to his business address, and petitioner filed a petition within 90 days after such notice was mailed. See sec. 6213(a). We first consider the statute of limitations issue. For the following reasons we conclude that there are genuine issues of material fact with respect to the applicable statute of limitations and, therefore, we are unable to grant petitioner's motion for summary judgment. Petitioner argues that the 3-year (from the date of filing the return) statute of limitations in section 6501(a) would bar the assessment and collection of any taxes he might have owed for his 1969 and 1971 taxable years. In support of such argument, petitioner's affidavit states that he filed nonfraudulent returns for *228 1969 and 1971 with the Ogden Service Center on Uune 10, 1976. Petitioner also maintains that, at the latest, he filed his 1969 and 1971 returns when his attorney submitted "duplicates" of such returns to the U.S. Attorney and the district court, on or about September 23, 1976. Since the notice of deficiency was not mailed until October 19, 1979, the 3-year statute of limitations would generally bar any assessment of taxes for such years, except to the extent petitioner omitted more than 25 percent of the amount of gross income stated in such returns. See secs. 6501(a), 6501(e). Respondent, however, claims that petitioner never filed returns for 1969 and 1971 and, that petitioner's failure to do so was fraudulent with the intent to evade taxes. Respondent has introduced Transcripts of Account [3] for 1969 and 1971, along with an affidavit from an Internal Revenue agent, both of which indicate petitioner never filed returns for such years. If respondent proves his case at trial, then the 3-year statute of limitations would be inapplicable. See secs. 6501(c)(1), 6501(c)(2), and 6501(c)(3). *229 Furthermore, we reject petitioner's argument that submitting his 1969 and 1971 returns to the district court or to the U.S. Attorney (with a request to give a set of such returns to an Internal Revenue agent), on or about September 23, 1976, constituted the filing of those returns as required by section 6091 and section 1.6091-2, Income Tax Regs. See W.H. Hill Co. v. Commissioner, 64 F. 2d 506 (6th Cir. 1933), affg. 22 B.T.A. 1351 (1931), cert. denied 290 U.S. 691 (1933). Consequently, we are unable to conclude that section 6501(a) [4] would apply and bar assessment of petitioner's 1969 and 1971 income taxes. With respect to petitioner's 1965, 1966, 1967, 1968, and 1970 taxable years, petitioner has not claimed that he filed returns for those years. Petitioner, however, contends that respondent *230 is bound by the U.S. Attorney's statement that the IRS was unable to prove petitioner's income exceeded $ 600 per year for 1965, 1966, 1967, 1968, and 1970. See sec. 6012. On the Other hand, respondent argues that the U.S. Attorney's statement was not binding on respondent. Since petitioner's own affidavit does not claim that the U.S. Attorney was authorized to criminally prosecute petitioner for tax violations with respect to 1965, 1966, 1967, 1968, and 1970, we conclude that petitioner has not established that the U.S. Attorney had any authority to represent respondent for such years. See Graff v. Commissioner, 74 T.C. 743, 763 (1980). At trial, petitioner will have an opportunity to develop the facts needed to establish this argument. An independent reason for concluding that summary judgment is inappropriate is because the issue of fraud is in controversy. Respondent contends that petitioner failed to file returns for 1965 through 1971, and that his failure to do so was fraudulent with the intent to evade tax. See sec. 6501(c)(2). Petitioner does not claim that he filed returns for 1965, 1966, 1967, 1968, and 1970, but he denies that he had a fraudulent *231 intent to evade taxes during any of the years in issue. Respondent maintains that even if we find that petitioner filed returns for 1969 and 1971, we should conclude that such returns were false or fraudulent with the intent to evade tax. See sec. 6501(c)(1). To establish fraud, it must be shown that the taxpayer acted with the specific intent to evade a tax believed to be owing. Mitchell v. Commissioner, 118 F. 2d 308, 310 (5th Cir. 1941). Generally, summary judgment is "inappropriate when issues of motive, intent, and other subjective feelings and reactions are material." 6 Moore, Federal Practice, par. 56.17 [41.-1], p. 56-930 (2d ed. 1948). See also Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). We now consider the remaining issues raised by petitioner's motion for summary judgment. First, petitioner contends that the notice of deficiency is invalid because it was not sent to his last known address pursuant to section 6212(b)(1). The record is unclear with respect to petitioner's last known address. Moreover, we need not make a determination of petitioner's last known address. Since petitioner actually received the notice of deficiency *232 and timely filed a petition with this Court, the notice of deficiency is valid. Goodman v. Commissioner, 71 T.C. 974, 977 (1979); Clodfelter v. Commissioner, 527 F. 2d 754, 757 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976), affg. 57 T.C. 102 (1971). Second, petitioner contends that the notice of deficiency is invalid because he did not receive a 30-day letter from respondent which would have provided him with an opportunity to confer with the IRS. It is clear, however, that there is no statutory or judicial authority which requires respondent to give a taxpayer such a conference prior to the issuance of the notice of deficiency. Montgomery v. Commissioner, 65 T.C. 511, 522 (1975); Rosenberg v. Commissioner, 450 F. 2d 529 (10th Cir. 1971), affg. a Memorandum Opinion of this Court. Third, petitioner claims that respondent waited 7 years before issuing the notice of deficiency and, therefore, such notice should be dismissed under the equitable defense of laches. Since this Court does not have the power of a court of equity, we are unable to consider such a defense. Commissioner v. Gooch M. & E. Co., 320 U.S. 418 (1943); *233 Ternovsky v. Commissioner, 66 T.C. 695, 698 (1976). To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise inicated, any references to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. Statutory references are to the Internal Revenue Code of 1954, as in effect for the years in issue.↩
3. A Transcript of Account is an IRS record on a particular taxpayer which reveals certain data, including, whether the taxpayer filed a return for a given year, and if so, on what date.↩
4. As an alternative argument, in the event we found that petitioner filed a 1969 return, respondent maintains petitioner omitted more than 25 percent of the amount of gross income stated in such return. See sec. 6501(e). In light of our inability to find that petitioner filed a return in 1969, we need not consider section 6501(e) at this time.↩